KING, C.J.,
Specially Concurring:
¶ 22. It is with some reservation that I concur with the majority decision in this case. My reservation relates to the Bat-son issue. The record before this Court suggests that of the first twenty-one prospective jurors, thirteen were Black and only eight were white. In tendering a panel of twelve prospective jurors to the defense, the prosecution exercised peremptory challenges against eight of the thirteen Blacks and submitted to the defense a panel of five black and seven white jurors.
¶ 23. The prosecution offered what were facially neutral reasons for the exercise of these eight challenges to the black prospective jurors. However, while these reasons were facially neutral, they were also the types of reasons which can serve as a pretext to mask a discriminatory intent. Among the reasons for striking four of the black prospective were that they had either a 12th grade education or a GED and the prosecution wanted a well-educated jury. While desiring a well-educated jury, the prosecution struck (1) a well-educated engineer employed by the Mississippi Department of Transportation because she had dyed her hair red and (2) a well-educated school teacher because she might be sympathetic to a young defendant. While facially neutral, the reasons for these two challenges would seem to directly contradict the prosecution’s stated goal of selecting a well-educated jury.
¶24. The prosecution struck one prospective juror, Christmas, because his last name was the same as a number of other persons in Hinds County who had been arrested. The record does not reflect any direct effort by the prosecution to ascertain whether there was any relationship to those persons with the same surname. It should be noted that the prosecution did ask, “.... have you or your immediate family members ever been booked into a jail, including the Hinds County jail?” While several prospective jurors responded in the affirmative, prospective juror Christmas did not respond. There is noth- *1151 mg in the record, which suggests that he was being deceptive.
¶ 25. These reasons offered by the prosecution for these challenges seem to be rather dubious. However, a full review of this matter is hampered by the limited information contained in the record. At the least, the roster of prospective jurors and any questionnaires completed by prospective jurors, might have been helpful to a review of this matter.
¶ 26. After consideration of the applicable standard of review, and given the limited information available to address this issue, I concur in the result reached by the majority.
IRVING AND CARLTON, JJ, JOIN THIS OPINION.